**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO CARRIZOZA CASTRO, AKA Alejandro Castro Carrizoza, | No.   15-73859 |
| Petitioner, | Agency No. A205-056-429 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Alejandro Carrizoza Castro, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing

Carrizoza Castro's appeal from an immigration judge's ("IJ") decision denying

Carrizoza Castro's application for asylum, withholding of removal, and relief

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The BIA did not err in finding that Carrizoza Castro did not establish membership in a cognizable social group of young males returning to Mexico who are perceived to be wealthy. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (applying case law in which similar social groups were proposed and finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group).

Substantial evidence supports the agency's conclusion that Carrizoza Castro failed to establish that he would be persecuted as a member of his family. The IJ correctly concluded that Carrizoza Castro failed to establish a nexus between that social group and the harm he fears if returned to Mexico. *See Ayala v. Holder*, 640

F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Carrizoza Castro's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Carrizoza Castro failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED.**

15-73859